IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE CARSJENS,<br><br>            Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>            Defendant.<br>_____/ | CASE NO.  1:04-cv-06419 TAG<br><br>MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S APPEAL FROM ADMINISTRATIVE DECISION<br><br>ORDER REMANDING CASE PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING THE CLERK TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT |

Plaintiff Leslie Carsjens ("claimant" or "plaintiff") seeks  judicial review of an administrative decision denying her claim for Supplemental Security Income ("SSI") benefits under the Social Security Act ("Act").  Pending before the Court is claimant's appeal from the administrative decision of the Commissioner of Social Security ("Commissioner").  Claimant filed her complaint on October 18, 2004 (Doc. 1), and her opening brief on July 6, 2005.  (Doc. 14).  The Commissioner filed her opposition to the appeal on July 29, 2005 (Doc. 15). Claimant did not file a reply brief.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to proceed before a United States Magistrate Judge.  (Docs. 6 and 10).  By an order dated May 26, 2005, this action was assigned to the United States Magistrate Judge for all further proceedings.  (Doc. 12).

**JURISDICTION**

On August 9, 2002, claimant filed an application for SSI benefits, alleging an inability to work since January 14, 2000 due to hepatitis, arthritis and fatigue. (Administrative Record ("AR") 12, 51-54, 60).  Claimant's application was denied initially and on reconsideration and, on June 21, 2004, Administrative Law Judge ("ALJ") Patricia Leary Flierl found that claimant was not disabled.

(AR 12-15).  The Appeals Council denied claimant's request for review on August 23, 2004 (AR 4-5), leaving the ALJ's decision of June 21, 2004, as the final decision of the Commissioner.  On October 18, 2004, within sixty days of the Appeals Council decision, claimant timely appealed to the district court pursuant to 42 U.S.C. § 405(g).  (Doc. 1).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both claimant and the Commissioner and will only be summarized here.

Claimant was born on January 8, 1959, making her 45 years old at the time of ALJ Flierl's decision.  (AR 15, 200).  At the administrative hearing, claimant testified that she had been educated through the ninth grade of high school.  (AR 200).  Claimant testified that she last worked in 2000 as an inventory specialist, a job she held for two years.  (AR 201-02).  She stopped working on January 14, 2000 due to the pain caused by her illnesses.  (AR 202).  According to claimant, she suffers from arthritis, hepatitis C (from drug use several decades ago) and autoimmune hepatitis.  (AR 204).

As to her daily life and activities, claimant testified that she does the grocery shopping, but usually takes her children or husband with her to help load items.  (AR 210).  Likewise, although she puts laundry into the washer, her children assist by moving it to the dryer for her.  (AR 210).  Claimant also testified that she can sometimes load the dishwasher, but does not mop the floors, does not make the beds, does not vacuum and does not scrub the shower or bathtub.  (AR 215).  Claimant testified that she has difficulty grabbing things with her hands, drops things all the time, and that her hands and feet can become numb, including her fingertips which are always numb.  (AR 210-11).  Claimant stated that she goes to church every few weeks, but has trouble sitting through the service due to her physical problems.  (AR 211-12).  Finally, claimant testified that she does not go to movies, does not visit friends, does not exercise and has no hobbies, but does watch soap operas.  (AR 212, 215).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if she is engaged in substantial gainful activities.  If she is, benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If she is not, the analysis proceeds to step two, which considers whether claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).

If claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents claimant from performing work she has performed in the past.  If claimant is able to perform her previous work, she is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f).  See Bowen v. Yuckert, 482 U.S. 137 (1987).

The initial burden of proof rests upon a claimant to establish a *prima facie* case of entitlement to disability benefits.  Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971).  In terms of the five step sequential evaluation process, the Ninth Circuit has held that "[t]he burden of proof is on the claimant as to steps one to four," while at the same time noting that an ALJ's *affirmative duty* to

3

1  assist a claimant to develop the record . . . complicates the allocation of burdens" such that "the ALJ
2  shares the burden at each step." Tackett v. Apfel, 180 F.3d 1094, 1098 & n.3 (9th Cir. 1999)(italics
3  in original).  The initial burden is met once a claimant establishes that a physical or mental
4  impairment prevents her from engaging in her previous occupation.  The burden then shifts to the
5  Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2)
6  that a "significant number of jobs exist in the national economy" which claimant can perform. Kail
7  v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. See, 42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  See, Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985); Sanchez v. Secretary of Health & Human Services, 812 F.2d 509, 510 (9th Cir. 1987) (two consulting physicians found applicant could perform light work contrary to treating physician's findings).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  McAllister v. Sullivan, 888 F.2d 599, 601-602 (9th Cir. 1989); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting* Kornock v. Harris, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  Richardson, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).  Moreover, if there is

substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  Sprague v. Bowen, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987).

## **ALJ'S FINDINGS**

### Step One

The ALJ found at step one that claimant "has not engaged in substantial gainful activity since August 9, 2002, when she filed her application."  (AR 14).

### Step Two

At step two, the ALJ found that claimant suffered from hepatitis C, autoimmune hepatitis and arthritis, which she concluded were "severe" impairments.  (See AR 12).

### Step Three

At step three, the ALJ assessed whether claimant's impairments, while severe, were among those acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. See 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Listing of Impairments).  The ALJ concluded that claimant's impairments did not meet or equal one listed in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1.  (AR 14).

### Step Four

The ALJ found that claimant was unable to perform her past relevant work as a production supervisor.  (AR 15).

### Step Five

At step five, the ALJ applied "the Grids," 20 C.F.R. Pt. 404, Subpt. P, App. 2.  Based upon her finding that claimant had an exertional capacity for sedentary work, and based upon the age, education and work experience of claimant, the ALJ determined that Rule 201.18 of the Grids

directed a conclusion of "not disabled."  (See AR 15).[1]

## ISSUES

Claimant's Opening Brief raised the following issue for consideration:

A.  Whether the ALJ erred in rejecting the credibility of claimant's subjective statements.

This Court must uphold the Commissioner's determination that claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

## DISCUSSION

A two step analysis applies at the administrative level when considering a claimant's subjective credibility.  Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom.  Id. at 1281-82.  If claimant satisfies this test - and if there is no evidence of malingering - the ALJ can reject the claimant's testimony about the severity of his or her symptoms "only by offering specific, clear and convincing reasons for doing so."  Id. at 1281.  Such specificity is crucial so as to enable effective judicial review.  See Mersman v. Halter, 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001)("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence"); SSR 96-7p (the ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

Quoted below are some ALJ credibility determinations that were deemed too general by reviewing courts, warranting remand or reversal:

> "'[Claimant's] complaints regarding incapacitating fatigue . . . and

---

[1] Rule 201.18 of the Grids is within Table 1, which applies when the maximum sustained work capacity is "limited to sedentary work as a result of severe medically determinable impairment(s)." 20 C.F.R. Pt. 404, Subpt. P at Table 1.  The rule itself applies to "younger individual[s] age 45-49." 20 C.F.R. Pt. 404, Subpt. P, App. 2 at Rule 201.18.  In terms of education, the rule applies to "Limited or less [education] - at least literate and able to communicate in English." Id.  In terms of previous work experience, the rule applies to "Unskilled or none." Id.  When these conditions exist, the rule directs a decision of "Not disabled." Id.

6

       severe back pain were [n]ot supported by contemporaneous medical evidence and were not credible.'"

Smolen, 80 F.3d at 1281.

       "'[Claimant's testimony was] not fully credible and [did] not establish the existence of the disabling pain alleged in light of the objective medical evidence. [Claimant's] allegation of pain [was] not consistent with the medical signs and findings.'"

Bunnell, 947 F.2d 341, 342-43 (9th Cir. 1991)(remarks of first ALJ involving claimant Rice).

       "'[Claimant's complaints of disabling pain were not] justified after thorough and repeated medical evaluations in all relevant areas of specialty.'"

Bunnell, 947 F.2d at 343 (remarks of second ALJ involving claimant Rice).

       "'[Claimant's claim of disabling pain was not credible because it was not] supported by the medical evidence of record.'"

Bunnell, 947 F.2d at 343 (remarks of ALJ involving claimant Bunnell).

       "'[There was no impairment] which could cause these subjective complaints of easy fatigue, low back and right leg pain, to the degree to which she alleges.'"

Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

       "'The undersigned also considered the claimant's testimony and finds it partially credible, but not as limited as alleged. The claimant alleges constant pain, numbness, and stiffness in back, legs, and knees, He says the most he can stand or sit is ten minutes at a time. Although there is some degree of degenerative disc disease, Dr. Jordan, the consultative examiner, did not note any motor or strength loss or weakness, while sensory testing was inconsistent. The claimant's allegations of disabling back and leg pain cannot be fully credited because they are not supported by the record as a whole."

McDaniel v. Barnhart, 375 F. Supp. 2d 975, 982 (E.D. Cal. 2004)("that the one physician the ALJ chose to rely upon found no motor or strength loss or weakness and inconsistent sensory testing simply does not constitute a specific, clear and convincing reason for rejecting plaintiff's testimony to the contrary).

       "'[Claimant's testimony was] not supported by the evidence in light of the medical history and the reports of the treating and examining practitioners.'"

Mersman, 161 F. Supp. 2d at 1085-86 (in addition to this statement, the ALJ actually pointed to several inconsistencies - plaintiff's volunteer work at her son's preschool each day, plaintiff's ability

7

to cook, clean and shop, and her lack of medical treatment - however, the court still found this insufficient because the ALJ did not address "the limited nature of Plaintiff's work' at the preschool, the assistance Plaintiff requires to cook, clean, and shop, or Plaintiff's explanation for why she didn't receive treatment").

Here, the ALJ made the following statement in rejecting claimant's credibility:

> "The claimant has impairments that could reasonably be expected to produce some of the symptoms she alleges, but the degree of limitation she alleges is not supported by the objective medical evidence and is not entirely credible when evaluated under Social Security Ruling 96-7p."[2]

(AR 13). It is difficult, if not impossible, to distinguish this assessment from those found wanting in Smolen, Bunnell and Dodrill, let alone the somewhat more comprehensive (but still deficient) ALJ assessments discussed in McDaniel and Mersman.

As often happens when a decision is unclear, the Commissioner, in her brief on appeal, seeks to tease credibility findings out of the ALJ's synopsis of claimant's medical records. (Doc. 15 at pp. 9-10). For example, the Commissioner cites the ALJ's synopsis of a consultative examination by Emanuel Dozier, M.D. (Doc. 15 at p. 10, AR 13 and 100). In that synopsis, the ALJ noted that claimant had told Dr. Dozier that she does her own housework, including cooking, dishwashing, sweeping, vacuuming, shopping and laundry. (AR 13). While the Commissioner, in her brief, deems this to be an "inconsistency" that was somehow part of the ALJ's credibility assessment (Doc. 15 at p. 10), the ALJ does *not* specifically say so. Perhaps the ALJ had a reason for not drawing a credibility finding from this synopsis, particularly since claimant had also told Dr. Dozier that she "has to stop throughout the day and rest following the[se] activities" and that "swelling in

---

[2] Elsewhere in her decision the ALJ wrote the following, with an equally cryptic conclusion: "The claimant testified that her hands and feet lock up because of arthritis and for the past 3 years she has had autoimmune hepatitis, where the body attacks the liver. She said she got hepatitis C from her drug use (that she stopped in 1984). She stated that she takes medications (Prednisone, Vicodin and [sic] for hypertension) that cause her face to swell and her body to bruise and bleed easily and to be more susceptible to infection. She said she tires and vomits frequently because of the Prednisone; she was on interferon until April 2003. The claimant testified that she can lift and carry 10 to 15 pounds, stand for 30 minutes and walk 45 minutes. She said she must lie down frequently during the day and has constant pain in her knees and hips. Allegedly the pain interferes with her concentration and sleep. She said her teenaged children do the housework and dishes and she shops. She said her husband is receiving supplemental security income benefits. Weighing all the relevant factors, the Administrative Law Judge finds that the claimant's impairments are not as limiting as she alleges." (AR 13-14).

the hands, the knees and the ankles . . . is made worse by increased activity." (AR 101.)  If the ALJ had actually *made* a "clear" and "specific" finding explicitly linking her synopsis of Dr. Dozier's report to a credibility assessment, then all of the unknowns in this example would disappear, allowing this Court to test the finding under the substantial evidence standard.

Unearthing the "specific," "clear" and "convincing" reasons for an ALJ's credibility determination should not be an exercise in reading tea leaves and drawing inferences.  As the Ninth Circuit stated in Gonzalez v. Sullivan, 914 F.2d 1197 (9th Cir. 1990): Where an ALJ's credibility finding "did not specifically link" claimant's testimony about daily activities to contradictory testimony about his level of pain, and even though this was "probably" the basis for the ALJ's disbelief, nevertheless "we are wary of speculating about the basis of the ALJ's conclusion." Gonzalez, 914 F.2d at 1201.  Such speculation, moreover, improperly substitutes this Court for the ALJ as fact finder. See  42 U.S.C. § 405(g)( the role of the Commissioner of Social Security is to make findings of fact which, if supported by substantial evidence, are conclusive).

Finally, the Court notes that there are any number of clear and specific findings that the ALJ could have made, many of which are identified in SSR 96-7p.  Such findings include: (1) whether "the level or frequency of treatment is inconsistent with the level of complaints," SSR 96-7p (Medical Treatment History), (2) whether "the medical reports or records show that the individual is not following the treatment as prescribed *and* there are no good reasons for this failure," id. (italics added for emphasis), (3) the consistency of statements made by the claimant to physicians, to those deciding benefits under other programs (e.g., workers' compensation), and to the Social Security Administration itself, while recognizing that "[s]ymptoms may vary in their intensity, persistence, and functional effects, or may worsen or improve with time, and [that] this may explain why the individual does not always allege the same intensity, persistence, or functional effects of his or her symptoms." Id.  Each of these and other potential findings are fact-specific, precisely the province of the ALJ.  Some other ALJ findings, as identified in the reported cases, are illustrative and demonstrate the almost limitless ways in which ALJ's can draw credibility inferences from the facts at hand: (1) an ALJ found that claimant's testimony that her neck pain was so severe that she had to cut her long hair for relief was contradicted by the fact that her hair reached well below her shoulders

9

at the administrative hearing, <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003), (2) the same ALJ found that claimant's testimony that she had never undergone physical therapy was contradicted by medical records indicating that she had in fact attempted such treatments, <u>id</u>., (3) an ALJ found that claimant's "'extremely poor work history'" and low "'propensity to work'" negatively affected her credibility regarding her assertion that her disability precluded work, <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002), (4) the same ALJ found that claimant had not been a reliable historian, "'presenting conflicting information about her drug and alcohol usage,'" <u>id</u>., (5) the same ALJ also found that claimant's efforts to impede accurate testing of her limitations argued strongly against her credibility, (6) an ALJ found that claimant had been uncooperative during consultative examinations, and illustrated that finding with a specific statement by a physician regarding claimant's "'poor effort,'" <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001), (7) the same ALJ found that claimant tended to exaggerate, and illustrated that finding with a specific comment by a physician that claimant was deficient during cognitive testing but "'much better'" when giving reasons for her inability to work, <u>id</u>., (8) an ALJ found that claimant's pain assertions were inconsistent with the opinion of his own treating physician, who was "'quite emphatic in his report about the lack of objective evidence to support claimant's complaints of pain and weakness,'" <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995), (9) an ALJ found that claimant's limited and recent use of non-narcotic pain medications were inconsistent with her claim of extreme pain, <u>Ruiz v. Apfel</u>, 24 F. Supp. 2d 1045, 1048-49 (C.D. Cal. 1998) and (10) the same ALJ found that claimant's conservative treatment regimen was inconsistent with her complaints of extreme pain, <u>id</u>. at 1049.  For a brief synopsis of some factors that can form a basis for ALJ credibility findings, see <u>Light v. Social Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997)("the ALJ may consider [claimant's] reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains").

     In light of the foregoing, the undersigned finds that the ALJ failed to articulate "specific, clear and convincing" reasons for her dismissal of claimant's credibility and her dismissal of claimant's perceived physical limitations.  <u>Smolen</u>, 80 F.3d at 1281.

**CONCLUSION**

Claimant submits that the ALJ's errors should result in this Court reversing the ALJ's decision and remanding for the correction of legal errors and factual deficiencies. (Doc. 15 at p. 7). The Court has the discretion to remand the case for additional evidence and finding or to award benefits. Smolen, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. Id. Remand is appropriate when additional administrative proceedings could remedy defects. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). In this case, further development is necessary for a proper determination to be made. Specifically, proper application of the two step analysis applicable to consideration of a claimant's subjective credibility must be performed by the ALJ, as noted above.

For the reasons outlined above, the undersigned concludes that the Commissioner's decision to deny claimant disability benefits was not supported by substantial evidence in the record and was not based upon the proper legal standards.

Accordingly, it IS ORDERED that

1. Claimant's social security complaint IS GRANTED;

2. The matter IS REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for development of the record and further consideration, consistent with this decision, of claimant's status as disabled, including whether claimant's impairments are so severe as to preclude substantial gainful activity, 20 C.F.R. §§ 404.1520(d)(DIB), 416.920(d)(SSI); 20 C.F.R. § 404 Subpt. P App. 1; whether claimant is capable of performing work she has performed in the past, 20 C.F.R. §§ 404.1520(f)(DIB), 416.920(f)(SSI); and, if required, whether on the basis of claimant's age, education, work experience, and residual functional capacity, claimant can perform any other gainful and substantial work within the economy, 20 C.F.R.§§ 404.1520(g)(DIB), 416.920(g); and

3. Judgment BE ENTERED for claimant Leslie Carsjens and against Defendant Jo Anne B. Barnhart.

IT IS SO ORDERED.

Dated: **March 15, 2006**          /s/ Theresa A. Goldner
j6eb3d                              UNITED STATES MAGISTRATE JUDGE